LEWIS MYRES & SLATER *v.* GEORGE W. SOWARDS.

**Landlord and Tenant—Adverse Holding of Land by Tenant.**
The relation of landlord and tenant, will not apply, where it is shown that no contract was entered into and no rents paid, no connection at all with the alleged landlord and then making a sale of title absolute.

**Adverse Possession—Disputed Title by an Adverse Holding by Tenant.**
One in possession, recognizing and acknowledging no landlord, paying no rent, and by deed disposing of his title, which was undisturbed on the records for 25 years, is held to acquire a good and perfect title by adverse holding.

APPEAL FROM PENDLETON CIRCUIT COURT.

September 24, 1870.

OPINION OF THE COURT BY JUDGE PETERS:

In 1858, appellee sold by executory contract to appellant, Slater, a tract of two hundred acres of land in the county of Pendleton, for the price of $2,000, one-fourth of which was paid down, and notes executed for the deferred payments.

These notes being unpaid some time in 1865, the month not stated in the record, appellee instituted his suit in equity to subject the land to the payment of them.

About the time that appellee commenced his suit, Lewis Myres brought an action in the nature of ejectment to recover the land from Slater, it appears that these actions were consolidated, that of Myres having been transferred to the equity docket, and were heard together, Slater made his answer a cross petition against Myres and the appellee.

Myres claims that the land is covered by Moody's patent, bearing date in 1791, and that as early as 1824, he gave a lease of it to one Shelton Stewart, he claiming under Moody, and the land being unoccupied at the time Stewart entered under his lease and took possession, and that appellee and those under whom he claims bought Stewart's improvement and entered under his lease, and held in that way until shortly before he commenced his action when they first claimed to hold adversely to him.

Slater in his answer resists appellee's right to a judgment on the ground that he had no title to the land and seeks by his cross action to recover the part of the purchase money he had paid. Judgment was rendered for appellee by the court below and Slater and Myres have appealed.

It appears in evidence that about 1840, one Richard Mullins sold the land to John N. Dougherty, who entered upon it, but how he acquired the possession, whether from Mullins, or not, does not very satisfactorily appear from the evidence. But in 1846, Mullins and wife made an absolute conveyance of the land to Dougherty, and Dougherty and wife on the same day conveyed the same land to James Soward—both these deeds were made for valuable considerations and were in due time recorded in the office of the clerk of Pendleton county court, and the land has been held under Mullins since 1840, James Soward having devised it to appellee.

Myres does not connect himself with Moody, and no title is shown from the Commonwealth to Mullins.

No rule is better settled than that the tenant can not controvert the title of his landlord, while he continues in possession, and if Dougherty acquired possession from Stewart, and he was Myres' tenant, neither he nor those claiming under him could protect their possession by showing an adversary title paramount

to Myres; and as a general rule the statute of limitations would not commence running so long as the relation of landlord and tenant existed between the parties, but whenever that relation was dissolved, and Myres had notice of it, it would commence to run because he would have an immediate right of entry—Dougherty purchased of Mullins in 1840, how Mullins originally entered does not appear, but he was claiming as his own and Dougherty entered in 1840 under his contract of purchase from Mullins of the absolute title—and then assumed a hostile attitude to Myres. In 1846, that purchase was consummated by an absolute conveyance to Dougherty, and on the same day Dougherty conveyed to James Sowards— It con not be presumed that Myres, if he claimed the land, could have been ignorant of the transactions in relation to this land. Mullins was not his tenant by contract with him, he sold the land to Dougherty who entered on it claiming as his own—having no connection with Myres, paying no rent, and acknowledging no landlord, it is scarcely possible that Myres could have been ignorant of all these transactions, and only wake up in August, 1865. Nineteen years nearly after Mullins conveyed it, and twenty-five years after he had sold it, then for the first time to dispute Mullins' right, and that, too, after appellee had commenced proceedings to enforce payment of his vendee of the price. Myres has shown no documentary title in himself, and the facts attending this transaction indicate very strongly that if Stewart in fact entered under him, that entry was abandoned, Mullins' claim understood, and recognized as paramount—and as more than twenty years had elapsed from Dougherty's entry for near nineteen years of which he had a deed, and from all the circumstances claimed adversely, of which Myres must have had notice—and therefore is barred—and as appellee made out a complete possessory title, appellant, Slater, should have accepted.

Wherefore the judgment is *affirmed*.

*O'Hara, Drane,* for appellants.

*Perrin,* for appellees.